IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LINDA I. PATTEN,

        Plaintiff,

        vs.        Case 08-1259-JTM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

Presently before the court is plaintiff Linda Patten's petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 7). For the following reasons, this court denies the appeal and affirms the decision of the Administrative Law Judge (ALJ).

I. Background

On February 22, 2005, Patten filed an application for disability insurance benefits, which was denied initially and on reconsideration. After a hearing, ALJ James Gillet issued an unfavorable decision, concluding that Patten could perform the requirements of sedentary labor despite suffering from severe impairments. The Appeals Council denied Patten's request for review, rendering the ALJ's decision final. Patten then timely filed a complaint with this court.

Patten claims that the ALJ: (1) failed to give proper weight to a treating physician; (2) erred in determining the Residual Functional Capacity (RFC); and (3) failed to obtain an explanation for the conflict between the vocational witness's testimony and the Dictionary of Occupational Titles (DOT) at step five.

The medical evidence and hearing testimony are fully set forth in the ALJ's decision, which is incorporated herein. To summarize briefly, Patten alleges she has been unable to engage in any substantial gainful work since September 23, 2003, due to multiple sclerosis, fibromyalgia, diabetes, and depression. The ALJ determined that she has medically determinable impairments, which are considered "severe" within the meaning of the Social Security Administration's Regulations because they impose more than slight limitations on her ability to function.

While Patten could not perform her past relevant work as a layout artist, aircraft parts inspector, metal products inspector or assistant pharmacist, as each job exceeds her capabilities, the ALJ concluded she was not disabled because she could perform sedentary labor, which exists in the economy in significant numbers. In fact, the ALJ found that Patten possessed the RFC for the "full range" of sedentary labor based on the objective medical evidence.

## II. Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion. *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor

substitute [its] judgment for that of the agency." *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is disabled only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)). The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience. *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's RFC, which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams*, 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

### III.  Analysis

*A. Treating Physician's Opinion*

In this case, Patten claims that the ALJ erred by relying on an examination performed by Michael M Vesali, M.D., rather than the treating physician, Timothy Wolff, D.O. Patten claims that the ALJ improperly dismissed the treating physician's opinion, and failed to provide specific, legitimate reasons for doing so. Patten argues that even if Dr. Wolff's opinion is not entitled to controlling weight, the ALJ cannot completely reject the treating physician's opinion.

The Commissioner responds that Dr. Wolff's opinion was not entitled to significant weight because it was inconsistent with other medical findings, and was often unsupported by clinical findings. Thus, the Commissioner argues that the ALJ properly dismissed Dr. Wolff's opinions and gave valid reasons for the dismissal.

A treating physician's opinion is not dispositive on the ultimate issue of disability. *See White v. Massanari*, 271 F.3d 1256, 1259 (10th Cir. 2001) (citing *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994)). However, the ALJ's decision must be

"sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician "may be rejected if his conclusions are not supported by specific findings." *Castellano*, 26 F.3d at 1029. When a treating physician's opinion is not given controlling weight, reasons for that determination should be given. 20 C.F.R. § 404.1527(d)(3).

After carefully reviewing the record, the court finds that the ALJ gave Dr. Wolff's opinions proper consideration. For example, the ALJ explained that Dr. Wolff's clinical notes were not always helpful in making a decision because they would contain a diagnosis but no physical exam record for support. (Tr. 16). Also, the ALJ stated that Dr. Wolff's "Medical Source Statement" conclusion contained no reference to clinical or laboratory data for support. (Tr. 18). As such, the court finds that the ALJ's decision to give the treating physician's opinion lesser weight is supported by substantial evidence

B.  RFC

The ALJ concluded that Patten retained the following RFC:

> [C]an perform the physical requirements of sedentary labor, i.e., she can lift/carry items weighing up to ten pounds, sit for six hours . . . and stand/walk for two hours during an eight-hour work day . . . can occasionally bend, twist, turn and stoop, but cannot crawl, climb ropes or ladders, or maintain balance without a cane. (Tr. 21).

Patten argues that the ALJ erred by not explicitly relating the RFC determination to any specific medical evidence or testimony. Patten claims that the ALJ completely ignored significant factors in determining the RFC, including the amount of pain and fatigue she suffers.

The Commissioner responds that the ALJ's findings properly reflect the clinical findings of all the claimant's physicians, and includes summaries of evidence that support the finding of

impairments.  Also, the ALJ articulated inconsistencies discrediting the claimant's complaints of pain and fatigue, as the record indicated that some of the impairments could and have been controlled by medication.  Further, her complaints are not supported by Dr. Wolff, whose opinions often lacked supportive medical evidence.

Pursuant to Social Security Ruling 96-8p "the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and non-medical evidence."  After reviewing the record and the ALJ's decision, the court finds that the ALJ properly included summaries of the medical and the clinical findings of Patten's physicians that support the ALJ's RFC conclusion.  Further, the ALJ's decision notes that Patten's claims were rendered not credible because the clinical findings, laboratory studies, and Dr. Wolff's progress notes fail to support her description of terrible pain and fatigue.  (Tr. 21).

Patten claims the ALJ erred in discounting the treating physician's opinion and relying on the opinion of a consulting physician in determining the RFC.  Patten argues the findings of a non-treating physician with limited contact is not considered substantial evidence.  As discussed above, the ALJ properly discredited Dr. Wolff's opinion.

The ALJ is to assess the RFC based on all relevant medical evidence.  20 C.F.R. § 404.1545(a) (2008).  In this case, the ALJ's decision properly includes narratives of the relevant medical findings and the basis each played in determining the RFC and impairments.  Also, the ALJ included reasons for discounting the opinions of physicians.  The ALJ thoroughly explained that Dr. Wolff's opinion was given lesser weight because of the inconsistencies with the objective findings of Dr. Vesali, and because it often lacked specific clinical or laboratory data support. (Tr. 18).  As such, substantial evidence supports the ALJ's RFC decision.

*C. Step Five*

At step five of the RFC assessment, the burden shifts to the Commissioner to show other employment in the national economy that are within the claimant's capacity to perform when the claimant is unable to perform previous work. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 2001). Patten alleges the ALJ failed to satisfy step five because Social Security Ruling 00-4p requires the ALJ to elicit a reasonable explanation when a conflict exists between the vocational witness's testimony and the DOT. The alleged conflict arises out of the occupations provided by the vocational witness, which Patten claims are not within her RFC.

Social Security Ruling 00-4p provides that the DOT is not a complete compilation of jobs, and their evidence from a vocational witness can include information not listed in the DOT. The point of vocational witness testimony is to go beyond the facts established by publications and provide alternative evidence. *Rogers v. Astrue*, No. 08-4138, 2009 U.S. App. LEXIS 2918, at *10-11 (10th Cir. Feb. 17, 2009). When there is an apparent conflict between a vocational witness's testimony and the DOT, the ALJ can rely on the testimony as support for nondisability. *Id.* After carefully reviewing the record, the court finds that the ALJ properly used the vocational witness's testimony as support for nondisability because the testimony was based on the vocational witness's experience with the positions through "observation and experience." (Tr. 416).

Patten argues that she cannot perform the occupations that the vocational witness testified would be within her RFC because the descriptions of the occupations in the DOT include activities she cannot perform. The Commissioner responds that many of Patten's objections to the examples of work are simply not true. For example, an occupation listed was "charge

account clerk," which Patten alleges contradicts the ALJ's findings because it requires frequent interaction with the public, and the ability to compile and categorize information and data. The Commissioner responds that the ALJ did not limit Patten's interaction with others and the DOT provides the occupation involves a low level of numerical aptitude and on average is learned within one month. The vocational witness provided several positions that a hypothetical person with Patten's same RFC could perform based on his experience. Thus the Commissioner met his burden in step five and substantial evidence supports the ALJ's finding Patten is not disabled.

In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 28th day of July, 2009, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE